

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GRAND RAPIDS, MI | NAPA, CA | RALEIGH-DURHAM, NC |
| ALBUQUERQUE, NM | GREENVILLE, SC | NEW ORLEANS, LA | RAPID CITY, SD |
| ATLANTA, GA | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NORFOLK, VA | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | OMAHA, NE | SAINT LOUIS, MO |
| BIRMINGHAM, AL | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
| BOSTON, MA | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | LONG ISLAND, NY | PHILADELPHIA, PA | SAN JUAN, PR |
| CINCINNATI, OH | LOS ANGELES, CA | PHOENIX, AZ | SEATTLE, WA |
| CLEVELAND, OH | MEMPHIS, TN | PITTSBURGH, PA | STAMFORD, CT |
| DALLAS, TX | MIAMI, FL | PORTLAND, OR | TAMPA, FL |
| DAYTON, OH | MILWAUKEE, WI | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DENVER, CO | MINNEAPOLIS, MN | PROVIDENCE, RI | WHITE PLAINS, NY |
| DETROIT, MI | MORRISTOWN, NJ | | |

DIRECT DIAL: (212) 545-4047
EMAIL ADDRESS: LAURIK@JACKSONLEWIS.COM

March 21, 2014

**VIA ECF**

Hon. Vincent L. Briccetti, U.S.D.J.
U.S. District Court for the Southern District of New York
United States Courthouse
300 Quarropas Street, Room 630
White Plains, New York 10601

         Re:    Purushottam C. Kalola v. IBM Corporation
                Docket No. 13 Civ. 7339 (VB)

Dear Judge Briccetti:

      We represent International Business Machine Corporation ("IBM"), Samuel Palmisano, Rodney Adkins, Robert Weber, Russell Mandel, Kermit Taylor, Kevin Sullivan, Craig Ignaszewski, Vincent Granuzzo, and Robert Murphy (collectively "Defendants") in connection with the above-referenced matter. We write in response to Plaintiff's letter dated March 13, 2014 and served upon Defendants yesterday, in which Plaintiff informally requests the Court sever Defendant Tom Forsberg ("Forsberg") from this action. Plaintiff's request should be denied because (1) Tom Forsberg has not yet been served in this matter and (2) Plaintiff has not met the standards required for severance of a party under Federal Rule of Civil Procedure 21.

      By way of background, Plaintiff's lawsuit is comprised of the following claims: (1) he was discriminated against, retaliated against, and subject to a hostile work environment from when he started reporting to Forsberg until he went out on medical leave in 2010; and (2) Defendants failed to accommodate his disability when he returned from medical leave in 2011.[1]

      First, Plaintiff's request should be denied as premature because Plaintiff has not yet served Forsberg.[2] <u>See, e.g.</u>, <u>Cohn v. Keyspan Corp.</u>, 713 F. Supp. 2d 143, 152 (E.D.N.Y. 2010) (denying motion to sever defendants as premature because the preliminary evidence showed that the defendants may have a connection to plaintiff's employment discrimination and retaliation claims and discovery had not yet occurred).

---

[1] Defendants intend to file a pre-answer, partial motion to dismiss all claims except the failure to accommodate claim as untimely. If successful, the motion should dispose of all claims against Forsberg.

[2] Forsberg is a former employee of IBM, and IBM has not been in contact with him since the commencement of this lawsuit. If Plaintiff properly serves Forsberg, the undersigned may represent Forsberg.



Hon. Vincent L. Briccetti, U.S.D.J.
U.S. District Court for the Southern District of New York
March 21, 2014
Page 2

Second, Plaintiff's request warrants denial because Plaintiff has not met the requirements under Federal Rule of Civil Procedure 21 to justify severance of Forsberg. Pursuant to Rule 21, "[a]ny claim against a party may be severed and proceeded with separately." While the decision whether to grant a severance motion is discretionary, "[f]ederal courts view severance as a 'procedural device to be employed only in exceptional circumstances.'" Wausau Bus. Ins. Co. v. Turner Constr. Co., No. 99 Civ. 0682 (RWS), 2001 U.S. Dist. LEXIS 12691, at *1 (S.D.N.Y. Aug. 23, 2001) (quoting Marisol A. by Forbes v. Guiliani, 929 F. Supp. 662, 693 (S.D.N.Y. 1996)). In ruling on a party's motion to sever, courts are governed by "considerations of convenience, avoidance of prejudice to the parties, and efficiency." Hecht v. City of New York, 217 F.R.D. 148, 150 (S.D.N.Y. 2003). Specifically, relevant factors are (1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present common questions of fact or law, (3) whether severance would serve judicial economy, (4) prejudice to the parties caused by severance, and (5) whether the claims involve different witnesses and evidence. Preferred Med. Imaging, P.C. v. Allstate Ins. Co., 303 F. Supp. 2d 476, 477 (S.D.N.Y. 2004).

Plaintiff has not shown that any of these factors weigh in favor of severing Forsberg at this preliminary stage of the case. The discrimination, retaliation and hostile work environment claims against Forsberg in his individual capacity are identical to those asserted against IBM and several of the other individual defendants and therefore arise out of the same occurrence and present common questions of both fact and law. Judicial economy would not be served by severance, which would result in two parallel actions pending before this court which involve the same claims and seek the same relief. In addition, discovery for these substantially similar claims will involve the same key witnesses and documents.[3]

Accordingly, Defendants respectfully request that the Court deny Plaintiff's request to sever Tom Forsberg from this action.

Respectfully submitted,

JACKSON LEWIS, P.C.

Kevin G. Lauri

---

[3] For the same reasons severance is inappropriate under Rule 21, consolidation would be appropriate under Rule 42(a) if Plaintiff were to initiate a separate action against Forsberg. Indeed, Rule 43(a) provides for consolidation of two or more actions which involve "a common question of law or fact." In re Orion Secs. Litig., No. 08 Civ. 1328, 2008 U.S. Dist. LEXIS 55368, at *6 (S.D.N.Y. July 7, 2008). Consolidation is appropriate where, just as would occur here if the cases are severed, "the factual allegations and legal claims raised in the complaints are largely overlapping and raise common questions of law and fact." Id. at *6-7.



Hon. Vincent L. Briccetti, U.S.D.J.
U.S. District Court for the Southern District of New York
March 21, 2014
Page 3

cc: Purushottam C. Kalola (via ECF & email with unreported cases)
Dana Weisbrod, Esq. (internal)
Tara L. Touloumis, Esq. (internal)