USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PURUSHOTTAM C. KALOLA,
                Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION, ROBERT MURPHY, and
VINCENT GRANUZZO,
                Defendants.
------------------------------------------------------------x

**MEMORANDUM OPINION
AND ORDER**

13 CV 7339 (VB) (LMS)

*(handwritten, right margin: Copies Mailed/Faxed 2/10/16 Chambers of Vincent L. Briccetti)*

Before the Court is the objection of pro se plaintiff, pursuant to Fed. R. Civ. P. 72(a), to Magistrate Judge Lisa Margaret Smith's December 22, 2015, order disallowing plaintiff from serving additional requests for production of documents.

For the following reasons, plaintiff's objection is OVERRULED.

Familiarity with the underlying facts and record of prior proceedings, which the Court references only as necessary to explain its decision, is assumed.

## BACKGROUND

On October 15, 2013, plaintiff brought claims for discrimination, retaliation, and failure to accommodate against his previous employer and several of its current or former employees. On August 14, 2015, the Court referred the action to Judge Smith for general pre-trial supervision, including discovery. (Doc. #83).

At a status conference on September 14, 2015, Judge Smith reviewed plaintiff's discovery requests and the responses defendants had served as of that date. Judge Smith ordered plaintiff to revise his initial list of document demands by September 25, 2015, and for defendants to respond by October 16, 2015.

1

On September 21, 2015, plaintiff served a revised request for the production of documents. (Doc. #98). At a status conference on November 5, 2015, Judge Smith reviewed plaintiff's revised requests and the responses defendants served as of that date. Judge Smith ordered plaintiff to limit his document requests to (i) no more than 15 demands for documents, and (ii) documents from January 1, 2007, to the present.

On November 16, 2015, plaintiff served a second revised request for production of documents. (Doc. #112). The request included 17 categories of requests, many with subpart requests. Defendants produced additional responsive documents on December 18, 2015. On December 20, 2015, plaintiff filed an updated request for production of documents. (Doc. #118). This updated version included 24 categories of requests. On December 21, 2015, plaintiff filed another updated request for production of documents. (Doc. #119). This updated version included 37 categories of requests.

As of that date, defendants had served five separate sets of discovery responses and produced 1,519 pages of documents to plaintiff. (Doc. #137).

At a status conference on December 22, 2015, Judge Smith noted plaintiff's requests were overbroad, irrelevant, or duplicative with the documents defendants already produced. Judge Smith explained "[t]here's no reason for me to allow you to request further documents. I gave you the opportunity. I went through it with you. You agreed to produce 15 document demands, limited in time and in scope. I don't see any reason why the defendants should be put to more work." (Tr. at 6).[1]

Plaintiff objected to defendants' responses to his document requests, and asserted he required additional documents. After Judge Smith explained the requests must be specific and

---

[1]     Defendants submitted the transcript of the December 22, 2015, status conference to the Court but did not file it on ECF because it contains sensitive and confidential information.

2

relevant, plaintiff was afforded an opportunity to clarify how additional documents may relate to his claim.  Plaintiff was unable to do so.  Accordingly, Judge Smith precluded plaintiff from serving additional discovery requests:

> We're done with document demands.  We're done.  We're done with document demands.  Let me say it again.  We're done with document demands.  I've given you many, many chances to be clear and specific.  You've given them these very vague and run-on document demands that are unintelligible.  And I can't make them respond any more than they already have.

(Tr. at 22).  Plaintiff submitted a letter to this Court objecting to Judge Smith's order. (Doc. #121).

## DISCUSSION

Plaintiff contends Judge Smith erred when she disallowed plaintiff from serving additional document requests on defendants.

The Court disagrees.

A district judge must set aside a magistrate judge's ruling on a non-dispositive if the ruling "is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); accord 28 U.S.C. § 636(b)(1)(A); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010).  Discovery disputes are generally considered non-dispositive since they do not resolve substantive claims for relief.  Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990), cert. denied, 498 U.S. 846 (1990).

The "clearly erroneous or contrary to law" test "is a highly deferential standard, and the objector thus carries a heavy burden."  Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).  Pursuant to this deferential standard, "magistrate judges are afforded broad discretion to resolve discovery disputes and reversal is appropriate only if the discretion is abused."

<u>Lyondell-Citgo Ref., LP v. Petroleos de Venezuela, S.A.</u>, 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005) (citation omitted).[2]

Plaintiff makes several arguments in his letter objecting to Judge Smith's discovery order.  First, plaintiff argues Judge Smith's "decision is wrong and it will confuse the [j]ury and [j]udges during the trials." (Doc. #121 at 8).  Second, plaintiff argues "[i]t will hurt the [p]laintiff to tell the [t]rue [s]tory of his [d]iscrimination.  (<u>Id</u>.).  Third, plaintiff argues "that this [d]ocument [r]equest will take only 4 [h]ours."  (<u>Id</u>. at 10).

Having reviewed the parties' arguments and applicable law, the Court finds nothing in Judge Smith's order that is clearly erroneous or contrary to law.[3]  In balancing plaintiff's need for discovery with the burden his requests would place on defendants, Judge Smith acted within her discretion under Rule 26(b) to regulate the scope of discovery.  <u>See</u> Fed. R. Civ. P. 26(b)(1), (2)(C).

The Court notes Judge Smith handled this matter with extraordinary patience, and bent over backwards to afford plaintiff several opportunities to revise his request for documents to comply with her orders.  Plaintiff continually failed to do so.  Plaintiff is warned that additional failures to comply with court orders may result in sanctions.  As Judge Smith has explained to plaintiff, sanctions may include preclusion of evidence, monetary sanctions, or dismissal of his case.  Compliance with discovery orders "is necessary to the integrity of our judicial process.  A party who flouts such orders does so at his peril." <u>Update Art, Inc. v. Modiin Pub., Ltd.</u>, 843 F.2d 67, 73 (2d Cir. 1988).

---

[2]    Plaintiff will be provided with copies of all unpublished opinions cited in this decision. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

[3]    Moreover, plaintiff failed to explain how the discovery he sought would bear on the fundamental issue of whether he was terminated in a discriminatory fashion.  Plaintiff's proposed requests were – once again – vague, overbroad, or unintelligible.  (<u>See</u> Doc. #121).

4

**CONCLUSION**

Plaintiff's objection to Judge Smith's order denying his request to serve additional

document requests is OVERRULED.

Dated: February 10, 2016
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

5