UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PURUSHOTTAM C. KALOLA,
        Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES
CORP., ROBERT MURPHY, and VINCENT
GRANUZZO,
        Defendants.
----------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

13 CV 7339 (VB)

Briccetti, J.:

Before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation ("R&R"), dated February 28, 2017 (Doc. #210), on defendants' motion for summary judgment (Doc. #184). Judge Smith recommended that the motion be granted.

For the following reasons, the Court adopts the R&R in its entirety. Defendants' motion for summary judgment is GRANTED.

I.    Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

When a party submits timely objections to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have

1

been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

As plaintiff is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II. Plaintiff's Objections

Now before the Court are plaintiff's timely objections to the R&R—four largely unintelligible and repetitive submissions, mostly typed into the margins and blank spaces of other documents in the record. (Docs. ##215, 216, 217, 219). In these submissions, plaintiff appears to object to the entirety of the R&R, and seeks to add several additional defendants and claims, including defendants and new claims that have previously been dismissed. Because plaintiff has provided no factual or legal basis for permitting the addition of these new defendants and claims, the Court denies plaintiff's request to add additional defendants and claims.

To the extent they are intelligible, plaintiff's objections "engage the district court in a rehashing of the same arguments" already made to, and addressed by, Judge Smith. Edwards v. Fischer, 414 F.Supp.2d 342, 346–47 (S.D.N.Y. 2006). Accordingly, here, the appropriate standard of review for the R&R is clear error.

Upon its review, the Court finds no clear error on the face of the record.

However, in consideration of plaintiff's pro se status, the Court has also conducted a de novo review of the R&R, and has independently and thoroughly reviewed the record and the

relevant case law. Having done so, the Court finds no merit in plaintiffs' objections. The Court finds that the R&R is correct in all respects.

## CONCLUSION

Having found no error, clear or otherwise, the Court adopts in its entirety Judge Smith's thorough and well-reasoned R&R as the opinion of the Court.

Plaintiff's objections are OVERRULED.

Defendants' motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #184) and close this case.

The Clerk is further instructed to mail a copy of this memorandum opinion and order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: August 3, 2017
    White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge